# IN THE COURT OF APPEALS OF TENNESSEE
# AT MEMPHIS
April 17, 2012 Session

## DONALD ROBINSON v. MEMPHIS-SHELBY COUNTY AIRPORT AUTHORITY

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-10-0006-3      Kenny W. Armstrong, Chancellor**

---

**No. W2011-02289-COA-R3-CV - Filed August 23, 2012**

---

Petitioner, a police officer for the Memphis Airport Police Department ("MAPD"), was terminated by the Memphis-Shelby County Airport Authority ("MSCAA") for violating several of its policies and procedures. On appeal to this Court, Petitioner argues that MSCAA's policies, and its application of those policies, violated his Fifth Amendment privilege against self-incrimination. Petitioner also argues that MSCAA violated his equal protection rights by applying its policies and procedures in a disparate fashion. After throughly reviewing the record, we find no basis for Petitioner's claims. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Darrell J. O'Neal, Memphis, Tennessee, for the appellant, Donald Robinson.

Jonathan C. Hancock and Whitney M. Harmon, Memphis, Tennessee, for the appellee, Memphis-Shelby County Airport Authority.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse
or modify the actions of the trial court by memorandum opinion when a formal opinion

(continued...)

# I. Background and Procedural History

Petitioner/Appellant Donald Robinson ("Mr. Robinson") was employed by the Respondent/Appellee MSCAA as a police officer for the MAPD for approximately five years. On June 24, 2008, Darin Leake ("Investigator Leake"), an investigator with the Memphis Fire Department, contacted Mr. Robinson and asked to interview him regarding an alleged arson attempt that occurred on June 15, 2008. The alleged arson attempt occurred at the home of Mr. Robinson's girlfriend, with whom he had been residing. After Mr. Robinson refused to be interviewed, Investigator Leake contacted Chief Robert Vester ("Chief Vester") of the MAPD and informed him that Mr. Robinson refused to be questioned about the incident. Investigator Leake also informed Chief Vester that Mr. Robinson threatened him during their phone conversation. On June 26, 2008, Chief Vester arranged a meeting with Mr. Robinson, and after discussing the allegations of arson, told Mr. Robinson to meet with Investigator Leake and "clear up this matter." Thereafter, Mr. Robinson met with Investigator Leake to discuss the alleged arson attempt.

Following the meeting between Mr. Robinson and Chief Vester, the matter was referred to the MAPD investigative unit for an internal investigation. On August 28, 2008, as a result of the internal investigation, Mr. Robinson was notified the he was being charged with violating several MSCAA and MAPD policies and procedures.[2] Mr. Robinson's alleged violations were based on his elusive and uncooperative behavior during the Memphis Fire Department's investigation and his meeting with Chief Vester. After conducting an administrative hearing on September 4, 2008, an MSCAA panel decided to terminate Mr. Robinson. Mr. Robinson appealed his termination to the City of Memphis Civil Service Commission ("the Commission"). Ultimately, on November 23, 2009, the Commission determined that the MSCAA hearing was properly conducted, that Mr. Robinson's conduct provided a reasonable basis to support his termination, and that Mr. Robinson's alleged

---

[1](...continued)
would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Specifically, Mr. Robinson was charged with violating the following: (1) MSCAA Policy and Procedure 407.3(1)(q) ("failure to cooperate with investigations or fact finding reviews"); (2) MAPD Policy and Procedure Manual 01.02(IV)(C)(1)(o) and (r) ("failure to speak the truth at all times"); (3) MAPD Policy and Procedure Manual 01.02(IV)(C)(3) ("unbecoming conduct"); and (4) MAPD Policy and Procedure Manual 01.02, Law Enforcement Code of Ethics (sections related to integrity, cooperation with other officers and agencies, and private life).

policy and procedure violations were supported by a preponderance of the evidence.[3]

On January 4, 2010, Mr. Robinson filed a petition for writ of certiorari in the Shelby County Chancery Court. Mr. Robinson argued that he was terminated for refusing to waive his Fifth Amendment privilege against self-incrimination, that the MSCAA policy requiring him to cooperate with a criminal investigation in which he was a suspect was unconstitutional, and that MSCAA violated his equal protection rights when it applied its policy in a disparate fashion. On April 15, 2011, the trial court entered an order denying the petition for writ of certiorari, finding that Mr. Robinson was not required to waive his Fifth Amendment rights, he did not invoke his Fifth Amendment rights, and that MSCAA had a reasonable basis to terminate him. Thereafter, on May 16, 2011, Mr. Robinson filed a motion to alter or amend alleging that the trial court failed to rule on whether the Commission's findings were in violation of his Fifth Amendment and equal protection rights. On September 14, 2011, the trial court entered an order amending its previous ruling. In the amended order, the trial court concluded that Mr. Robinson was not disciplined for invoking, nor was he forced to waive, his Fifth Amendment rights, and further concluded that there was no basis to support the argument that his equal protection rights were violated. On October 4, 2011, Mr Robinson filed a notice of appeal to this Court.

## II. Issues Presented

Mr. Robinson presents the following issues, as restated, for our review:

(1)    Whether the MSCAA's written employment policy requiring cooperation with investigations is an unconstitutional violation of an employee's Fifth Amendment privilege against self-incrimination,

(2)    Whether the MSCAA violated Mr. Robinson's Fifth Amendment

---

[3]The Commission's decision upholding Mr. Robinson's termination provides:

The Commission finds from all of the evidence that the conduct of Mr. Robinson in failing to report to this [sic] supervisors that he was the subject of the MFD investigation, in dealing with Mr. Leake, and in responding to MAPD supervisors and the MSCAA hearing panel, gave the hearing panel a reasonable basis to support its disciplinary decision to terminate Mr. Robinson's employment. While the Commission acknowledges that Mr. Robinson was entitled to assert his Constitutional Rights in response to the MFD investigation, the manner in which he responded to Mr. Leake (evasive and threatening) and to his MAPD superiors (concealing, evasive and not forthright), were in violation of MAPD policies and procedures, and in particular, not in conformance with Law Enforcement Code of Ethics.

privilege against self-incrimination by terminating him based on violations of employment policies, and

(3)    Whether MSCAA violated Mr. Robinson's equal protection rights by applying its employment policies in a disparate fashion.

### III.  Standard of Review

Judicial review of this matter is governed by the Uniform Administrative Procedures Act ("UAPA").  Tenn. Code Ann. § 27–9–114 (2000 & Supp. 2011); *City of Memphis v. Civil Serv. Comm'n of Memphis*, 238 SW3d 238, 242 (Tenn. Ct. App. 2007).  The UAPA, provides, in pertinent part:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
> (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.
> (i) No agency decision pursuant to a hearing in a contested case shall be reversed, remanded or modified by the reviewing court unless for errors that affect the merits of such decision.
> (j) The reviewing court shall reduce its findings of fact and conclusions of law to writing and make them parts of the record.

Tenn. Code Ann. § 4–5–322(g)(h)(i) & (j) (2011).

Accordingly, after confirming that the agency has used the correct legal principles, the court must then review the factual findings and determine whether the agency had a reasonably sound basis for making those findings.  *City of Memphis*, 238 S.W.3d at 243

(citation omitted). We and the trial court review an agency's findings under the "substantial and material evidence" standard. *Id.* (citation omitted). Substantial and material evidence has been defined as "'such relevant evidence as a reasonable mind might accept to support a rational conclusion'" and which "furnish[es] a reasonably sound basis for the decision under consideration." *Id.* (quoting *City of Memphis v. Civil Serv. Comm'n*, 216 S.W.3d 311, 316 (Tenn. 2007) (quoting *Jackson Mobilphone Co. v. Tenn. Pub. Serv. Comm'n*, 876 S.W.2d 106, 110–11 (Tenn. Ct. App. 1993))). We will take into account evidence in the record that fairly detracts from the weight of the evidence, but will not substitute our own judgment on questions of fact or re-weigh the evidence. *Id.* (citing see Tenn. Code Ann. § 4–5–322(h)(5)(B)). Additionally, we afford great weight to an agency's determinations regarding the credibility of witnesses who appear before it. *Id.* (citation omitted). We will not reverse an administrative decision on the basis that the evidence could also support another result. *Id.* (citation omitted). Rather, we will reverse an agency's determination "only if a reasonable person would necessarily arrive at a different conclusion based on the evidence." *Id.*

## IV. Analysis

On appeal, Mr. Robinson does not contend that MSCAA's decision to terminate him was not supported by substantial and material evidence. Instead, Mr. Robinson argues that MSCAA's policies, and its application of those policies, violated his Fifth Amendment privilege against self-incrimination. Further, Mr. Robinson argues that MSCAA violated his equal protection rights by applying its policies and procedures in a disparate fashion.

We disagree. All that MSCAA required of Mr. Robinson was to cooperate during the investigation. Mr. Robinson refused to cooperate. As the trial court emphasized, Mr. Robinson was never disciplined for invoking his Fifth Amendment rights. In fact, Mr. Robinson never invoked his Fifth Amendment rights. Nor was Mr. Robinson forced to waive his Fifth Amendment rights. Instead, Mr. Robinson's conduct throughout the investigation was uncooperative, evasive, and raised serious concerns regarding his truthfulness. It was this conduct that resulted in Mr. Robinson's termination. The facts simply do not support the Fifth Amendment issues that Mr. Robinson claims.

Moreover, we agree with the trial court that no equal protection violation occurred. The only evidence cited by Mr. Robinson was that other officers who were charged with criminal activity were not terminated from their positions with MSCAA. As noted above, however, Mr. Robinson was not terminated because he was charged with criminal activity. Mr. Robinson was terminated based on his violation of multiple MSCAA and MAPD policies and procedures arising out of his failure to cooperate during the investigation of the criminal activity with which he was charged. No evidence was presented to show that these

other individuals were similarly situated to Mr. Robinson beyond the fact that they were charged with criminal activity. Thus, we agree with the trial court, and the Commission, that Mr. Robinson's equal protection argument is without merit. Accordingly, we affirm the judgment of the trial court.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Donald Robinson, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE